**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-60810
Summary Calendar

WILLIAM D. MANN AND DOROTHY MANN,

Plaintiffs-Appellants,

VERSUS

AMERICAN FEDERATED LIFE INSURANCE COMPANY,
A CORPORATION; AMERICAN FEDERATED INSURANCE
COMPANY, A CORPORATION; TOWER LOAN OF MISSISSIPPI,
INC., A CORPORATION; AND JACK R. LEE, AN INDIVIDUAL,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi,
Jackson Division
(3:96-CV-741-LN)

June 2, 1998

Before REYNALDO G. GARZA, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The case before us is an appeal from a decision of the

United States District Court for the Southern District of

Mississippi, the Honorable Tom S. Lee, presiding.  In this

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision, the district court granted summary judgment in favor of the Defendants-Appellees (collectively, "the Appellees"), American Federated Life Insurance Company ("AFLIC"), American Federated Insurance Company ("AFIC"), Tower Loan of Mississippi ("Tower Loan"), and Jack R. Lee ("Lee"). The Plaintiffs-Appellants, William D. Mann and Dorothy Mann ("the Manns"), timely appealed, and the matter now lies before this panel.

## Background

The controversy underlying the case at bar stems from two loans made by AFLIC and AFIC to the Manns. In February of 1994, AFLIC loaned William Mann ("Mann") $380,000 to purchase the Alta Woods Apartments, and in July of that year, AFIC loaned Mann $672,500 to purchase the Dolphin South Apartments (these apartments will collectively be referred to as "the apartment properties"). The instruments for these transactions were drafted by the Manns' attorney. During the early 1990s, the Appellees made other transactions with the Manns, including a residential loan. The loans for the Alta Woods and Dolphin South properties are at issue in the suit at bar, though it is undisputed that the Manns were in default under the terms of certain other loans not at issue in this case.

By the spring of 1996, Mann was in default on the monthly payments on the deed of trust covering the residence. Mann also

2

failed to pay the 1995 ad valorem taxes on the apartment properties, but he was current on his monthly payments to AFLIC and AFIC for these properties. AFLIC and AFIC instituted foreclosure on the apartment properties, and threatened foreclosure on the residence. The Manns offered to deed the house to AFLIC in lieu of foreclosure, and this offer was refused. The Appellees asked that the Manns convey deeds in lieu of foreclosure for the apartment properties and pay the property taxes. The Manns did not meet the Appellees' demands, and filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, in April of 1996.[1] On August 26, 1996, the Manns filed suit against the Appellees in the Circuit Court of the First Judicial District of Hinds County. The Hinds County suit was removed to the United States District Court for the Southern District of Mississippi, and is the suit underlying the appeal at bar.

The Manns alleged causes of action for breach of the implied duty of good faith and fair dealing, breach of fiduciary duty, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Manns claimed that these causes of action are based on what they characterize as egregious

---

[1]In the bankruptcy proceedings, the court permitted the stay to be lifted so AFLIC could institute foreclosure proceedings on the Alta Woods Apartments. That foreclosure has been accomplished. The bankruptcy court denied AFIC's motion to lift the stay so it could foreclose on the Dolphin South Apartments, however.

overreaching on the part of the Appellees with regard to the transactions at issue.[2]

The Appellees moved for summary judgment in their favor. Judge Lee granted summary judgment in favor of the Appellees on October 20, 1997, and a Final Judgment of Dismissal was entered on November 8, 1997. The Manns timely appealed. In addition to their previous claims, the Manns claim that the district court erred in failing to view the evidence in the light most favorable to them, and improperly made determinations of credibility in favor of the Appellees. The matter now lies before us.

**Standard of Review**

The standard of review for the granting of a motion for summary judgment is *de novo*. *BellSouth Telecommunications, Inc. v. Johnson Bros. Group,* 106 F.3d 119, 122 (5th Cir. 1997); *Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is warranted when "the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." FED.R.CIV.P. 56(c); *Celotex v.*

---

[2]The Manns also sued Jack Lee and Tower Loan. Jack Lee was the chief executive officer of First Tower Corporation, which owned Tower Loan, which in turn owned AFLIC and AFIC. The Manns take the position that the decisions of AFLIC and AFIC were ultimately those of Lee and Tower Loan. We do not address this issue, and neither did the district court.

4

*Catrett*, 477 US 317, 322 (1986).


**Analysis**

The Mississippi Supreme Court has stated that all contracts contain an implied covenant of good faith and fair dealing in the performance and enforcement of the terms of the contract. *Morris v. Macione*, 546 So.2d 969, 971 (Miss. 1989); *UHS-Qualicare v. Gulf Coast Community Hospital*, 525 So.2d 746, 757 (Miss. 1987). The concept of good faith and fair dealing is based on notions of fairness. It requires the "faithfulness of an agreed purpose between two parties, a purpose which is consistent with the justified expectations of the other party," and may require affirmative action on a party's part. *Cenac v. Murry*, 609 So.2d 1257, 1272 (Miss. 1982). Bad faith is "characterized by some conduct which violates standards of decency, fairness, or reasonableness." *Id*. The duty of good faith and fair dealing has been applied to mortgages. *Merchants & Planters Bank v. Williamson*, 691 So.2d 398, 404 (Miss. 1997).

The Manns argue that the Appellees breached the duty of good faith and fair dealing by their actions in this matter. We disagree. First of all, any discussion of the Appellees' pattern of conduct is irrelevant because the terms of the contracts (which were drafted by the Manns' attorney) were unambiguous. *See Cunningham & Co., Inc. v. Consolidated Realty Mgmt., Inc.,*

5

803 F.2d 840, 843 (5th Cir. 1986). Also, there is no evidence of a course of conduct on the part of the Appellees which would reasonably allow the Manns to think that the Appellees would not foreclose on the apartment properties if the Manns failed to pay their taxes.[3] Further, there is a Non-Waiver Provision in each of the Deeds of Trust for the apartment properties which states that forbearance by the secured party in exercising a privilege, option, or remedy does not constitute waiver of such privileges, options, or remedies.

Also, the Appellees' actions were hardly the sort of unreasonable, indecent, and unfair actions which would constitute a breach of the duties of good faith and fair dealing. In *Cenac*, the case relied on by the Manns, the defendant Murry embarked on a bizarre, abusive, aberrant, and intimidating pattern of behavior after selling a country store to the Cenacs which "made their life a living hell." *Cenac*, 609 So.2d at 1272. Murry's behavior included firing guns at the Cenacs, insulting and mocking them and their prospective customers, following and videotaping the Cenacs, and roaming shirtless in the neighboring yard while pounding his chest in an ape-like manner and engaging "in a boisterous 'ho, ho, ho' laughter which [had become Murry's]

---

[3]The Manns discuss certain transactions which preceded the transactions at issue in this case at some length in their briefs. These transactions are irrelevant to the case at bar, and we saw no pattern or course of conduct on the part of the Appellees in the transactions described by the Manns.

trademark." *Id.* at 1262-66. All of this was done to drive the Cenacs from the store they'd purchased from Murry, allowing him to foreclose after pocketing the up-front payments. *Id.* at 1272-73.

The Appellees' behavior was not even close to that of Murry in *Cenac*. In fact, their behavior was reasonable, and not uncommon. They were acting as typical creditors would when a debtor defaults on the terms of a loan. They were not obligated to take the Manns' offers, and the dicta in *Williamson* which states that a bank is "not permitted to act in whatever manner it deems to be in its best interests" does not help the Manns. *Williamson*, 691 So.2d at 404. Indeed, in *Williamson*, the court held that the bank did not breach the duty of good faith and fair dealing in its foreclosure activities. *Id*. at 406. The Appellees acted reasonably and in accordance with the terms of the arrangements they had made with the Manns.

The Manns also made a claim of breach of fiduciary duty by the Appellees. This claim fails as well. There was no fiduciary duty to begin with. The terms of the promissory notes did not create such an arrangement, and the terms employed in a contract are the best source for ascertaining the intent of the parties. *See Newell v. Hinton,* 556 So.2d 1037, 1042 (Miss. 1990). The Manns' argument that these transactions were joint-ventures is not supported by the terms of the agreements. Also, the

7

Appellees had no "dominion and control" over the Manns which might create such a fiduciary relationship.  *See Williamson*, 691 So.2d at 404.  There was no fiduciary duty to begin with in this matter, so there was no breach of fiduciary duty.

The Manns' claims of intentional infliction of emotional distress also fail, and the district court was correct in not sending this issue to the jury.  For this claim to succeed, the Manns must show that the Appellees' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *White v. Walker*, 950 F.2d 972, 978 (5th Cir. 1991) (citing *Lyons v. Zale Jewelry Company*, 150 So.2d 154, 158 (Miss. 1963).  Mann has failed to show how the Appellees' decision to follow the terms of a legitimate contract constitutes an intentional infliction of emotional distress. This claim fails.

The Manns also argue, both in separate sections of their briefs and as a general background to this appeal, that the district court erred in making credibility determinations against them, and that it generally did not look upon the issues in the best light to them.  They do not cite much caselaw in support of their contentions, and essentially, they are complaining that the district court, upon review of the information at hand, erred in holding that there were no genuine issues of material fact

because of an alleged lack of information before the court. Under the Manns' rather unique interpretation of the proper role of the judiciary in matters such as this, few, if any summary judgment motions would pass muster. All one would have to do is utter a few talismanic phrases like "fiduciary duty" to create a fact issue, and prevent summary judgment. We will not fall into this trap. We see no evidence of error or improper behavior on Judge Lee's part with regard to how he arrived at his decision.

The Manns did not address certain issues in their original brief, including the claim for negligent infliction of emotional distress, any individual claims of Dorothy Mann, or the liability of Lee or Tower Loan. Failure to brief issues constitutes waiver and abandonment of such issues. *See Johnson v. Sawyer*, 120 F.3d 1307, 1315 (5th Cir. 1996).

## Conclusion

Based on the foregoing, we find no reversible error in the decision of the district court, which granted summary judgment in favor of the Defendants-Appellees. Therefore, we AFFIRM the decision of the district court.

AFFIRMED.